E-FILED
Monday, 09 February, 2009  04:32:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THE RESOLUTION GROUP, as successor of )
INTERNATIONAL INSURANCE COMPANY, )
on its own behalf, and, as subrogees of )
Phillip Hamlow, successor executor of the )
Estate of Betty Hamlow and beneficiary of the )
Estate of Betty Hamlow, )
                                               Plaintiff, )
         v. )      Case No. 08-1222
JAMES R. DEPEW and DEPEW, GRIMES & )
DEPEW, )
                                               Defendants. )

## O R D E R

This matter is now before the Court on Defendant Depew, Grimes, & Depew's ("DGD") Motion to Dismiss. For the reasons set forth below, the Motion [#12] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship, and the matter in controversy exceeds $75,000.00.

### BACKGROUND[1]

According to the Complaint, DGD was the law firm representing Betty Hamlow (the "Decedent") prior to her death and prepared her will. On November 30, 1983, International Insurance Co. ("International") issued a surety bond (the "Bond") on behalf of Defendant James R. DePew ("DePew"), a partner in the DGD firm, in connection with the

---

[1] Unless otherwise noted, the background is taken from allegations in Plaintiff's Complaint and presumed to be true for purposes of resolving this Motion.

administration of the Decedent's Estate.  DGD procured the Bond, which identified DGD as representing the Estate.

The Decedent's Will provided that the residuary of the Estate be deposited with The Peoples Bank of Bloomington (the "Bank") as trustee.  The income of the Estate was bequeathed to Phillip Hamlow ("Hamlow") as the beneficiary, and the corpus of the Estate was left to Hamlow's children and descendants.  DePew was appointed as executor of the Estate and continued to act as executor after the Bank declined to act as trustee.

The Estate was allegedly invested, and income payments were issued to Hamlow. DGD submitted periodic reports to the Probate Court regarding the alleged investment. Somehow, Hamlow gained knowledge that the residuary estate was never invested by DGD or DePew but rather had been misappropriated.  As a result, Hamlow made a claim against the Bond in an unspecified amount.  As a result of the claim against the Bond, International suffered losses, costs, and expenses and was assigned all of Hamlow's rights against DePew and DGD.

On September 3, 2008, Plaintiff brought this action alleging claims for common law indemnification against DePew (Count I), common law indemnification against DGD (Count II), subrogation against DePew on behalf of Hamlow (Count III), subrogation against DePew on behalf of the Estate (Count IV), subrogation against DGD on behalf of Hamlow (Count V), subrogation against DGD on behalf of the Estate (Count VI), breach of duty of performance of professional services against DePew (Count VII), and breach of duty of performance of professional services against DGD (Count VIII).  Defendant DGD has now moved to dismiss the Complaint.  Plaintiff has filed its response, and this Order follows.

**DISCUSSION**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

DGD moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Specifically, DGD argues that Count II alludes to a breach of contract but fails to attach any contract or plead the existence of any contract between Plaintiff and DGD.

With all due respect, DGD is demanding a level of specificity in the complaint that is not required under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) does not require a claimant to set forth a detailed statement of the claim, but rather

only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 103 (1957). A complaint need not plead legal theory, nor need it match facts to every element of a legal theory. Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998); Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1988). The Seventh Circuit has emphasized the "limited analysis appropriate on a motion to dismiss under Rule 12(b)(6)." Cook v. Winfrey, 141 F.3d 322 (7th Cir. 1998). General allegations of elements consistent with a claim, unsupported by factual allegations in support, are sufficient to satisfy the "minimal requirements of federal notice pleading." Id. at 328.

In the Complaint, Plaintiff alleges that DGD represented the Decedent, prepared her Will, and procured a Bond that lists both DGD and DePew as principals on its face. DePew was a partner in DGD. Either DGD or DePew issued income payments to Hamlow but misappropriated the residuary estate rather than investing it as instructed. DGD submitted reports to the court regarding the administration of the Estate. When viewed in the light most favorable to Plaintiff and drawing all reasonable inferences in its favor, this is sufficient to place DGD on notice of the claim being asserted against it and survive the Motion to Dismiss. Although the Affidavit may well be significant at summary judgment, DGD's attempt to interject additional facts through the Affidavit of Russell DePew is unavailing at this stage of the litigation, as factual disputes must await resolution on a more fully developed record following discovery.

DGD next contends that Counts II, V, VI, and VIII fail to state a claim because the acts alleged are those of DePew and sound in respondeat superior. As such, DGD argues that the Complaint must allege that the conduct of DePew was within the scope of his

employment and was of the kind he was employed to perform, occurred substantially within the authorized time and space limits, and was actuated by a purpose to serve the master.

The Complaint alleges that DePew was a partner in DGD and that the actions in question were taken by either DePew or DGD, and the relationship between DePew and DGD vis a vis the exercise and limits of authority, etc., is a subject for discovery. Again, DGD is demanding a level of specificity that is not required in federal notice pleading and urging the resolution of facts exclusively within their control and over which the Plaintiff has had no opportunity to obtain discovery. While DGD's argument may be compelling in a motion for summary judgment, it is inappropriately advanced in a motion to dismiss.

Finally, DGD asserts that Counts V, VI, and VIII fail to state a claim because the subrogation claims are essentially an attempt to assign a claim for legal malpractice, which is unassignable under Illinois law. Gonzalez v. Profile Sanding Equipment, Inc., 333 Ill.App.3d 680 (2002); Eastman v. Messner, 18 Ill.2d 404 (1999). Plaintiff responds that these claims are not simply claims for malpractice and that DGD's liability does not arise solely from the assignment from Hamlow. Rather, the subrogation claims are brought as surety for the Bond and derive from the execution of the Bond, which caused International to have to satisfy claims against the Bond.

Plaintiff's performance as surety gives rise to an equitable right to subrogation. In other words, Plaintiff as surety is equitably entitled to stand in the shoes of Hamlow and the Estate, the recipient of payments under the Bond, in order to prevent the unjust enrichment of DGD and/or DePew, who caused Plaintiff to incur the expense as surety for the Bond regardless of any assignment. Pearlman v. Reliance Ins. Co., 371 U.S. 132 (1962). The Complaint further alleges that as an attorney for the Estate, DGD owed a duty of loyalty,

diligence, care, and competence in exercise of its legal services to Plaintiff on its own behalf and independent of its attorney-client relationship with DePew as the executor of the Estate. Accordingly, DGD's suggestion that these portions of the Complaint should be dismissed as nothing more than an invalid assignment of a legal malpractice action must be rejected.

## CONCLUSION

For the reasons set forth above, Defendant DGD's Motion to Dismiss [#17] is DENIED. This matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 9th day of February, 2008.

                                        s/ Michael M. Mihm
                                        Michael M. Mihm
                                        United States District Judge